UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| APRIL PARKS, | Case No. 2:25-cv-00040-RFB-MDC |
| --- | --- |
| Plaintiff, | **ORDER** |
| v. | |
| HOLLY SKULSTED, *et al.*, | |
| Defendants. | |

Plaintiff April Parks initiated this case with a motion to compel the Defendants to provide her a copy of her "credit history by sentence report." (ECF No. 1-1). On January 10, 2025, this Court explained to Parks that to commence a civil action she must file a complaint with the Court, and she must either pay the $405 filing fee or file an application to proceed *in forma pauperis*. (ECF No. 3). The Court directed Parks to file a complaint and either pay the filing fee or file an application to proceed *in forma pauperis* by March 11, 2025. (Id. at 2). The Court warned Parks that the action could be dismissed if she failed to file a complaint and file an application to proceed *in forma pauperis* or pay the full $405 filing fee for a civil action by that deadline. (Id.). Parks subsequently refiled the same motion to compel that she had filed to initiate this action. (ECF No. 4). However, Parks did not file a complaint, file an application to proceed *in forma pauperis*, pay the full $405 filing fee, request an extension, or otherwise respond to the Court's order.

I. DISCUSSION

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). A court may

dismiss an action based on a party's failure to obey a court order or comply with local rules. See Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. See In re Phenylpropanolamine Prod. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting Malone v. U.S. Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987)).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Parks' claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. See Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. See Yourish v. Cal. Amplifier, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); accord Pagtalunan v. Galaza, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" i.e., like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by Yourish). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." Henderson v. Duncan,

779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed until and unless Parks files a complaint and either files a fully complete application to proceed *in forma pauperis* or pays the $405 filing fee for a civil action, the only alternative is to enter a second order setting another deadline. But the reality of repeating an ignored order is that it often only delays the inevitable and squanders the Court's finite resources. The circumstances here do not indicate that this case will be an exception: there is no hint that Parks needs additional time or evidence that she did not receive the Court's order. Setting another deadline is not a meaningful alternative given these circumstances. So, the fifth factor favors dismissal.

## II.    CONCLUSION

Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal.

Therefore, **IT IS ORDERED** that this action is **DISMISSED without prejudice** based on Parks' failure to file a complaint and file a fully complete application to proceed *in forma pauperis* or pay the full $405 filing fee in compliance with this Court's January 10, 2025 Order. The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Parks wishes to pursue her claims, she must file a complaint in a new case.

**DATED**:  May 5, 2025.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**